**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CALEB SMITH,** | )( | **Civil Action No.:3:20cv2062** |
| *Plaintiff,* | )( | **(Jury Trial)** |
| | )( | |
| **V.** | )( | |
| | )( | |
| **U. S. BUREAU OF PRISONS DIRECTOR** | )( | |
| **MICHAEL CARVAJAL,** *Individually;* **and** | )( | |
| **WARDEN KRISTI CIOLLI,** *Individually,* | )( | |
| | )( | |
| *Defendants.* | )( | |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE JANE J. BOYLE:**

NOW COMES Plaintiff CALEB SMITH amending his complaint as a matter of course pursuant to FRCP 15 complaining of UNITED STATES BUREAU OF PRISONS DIRECTOR MICHAEL CARVAJAL (Director Carvajal), *Individually;* and WARDEN KRISTI CIOLLI, (Warden Ciolli), *Individually,* and would respectfully show as follows:

### INTRODUCTORY FACTS

1.    Caleb Smith is an inmate at the Seagoville Federal Correctional Institution ("Seagoville FCI") in Seagoville, Texas. Smith is eligible for "compassionate release" under United States Attorney General William P. Barr's guidelines.

2.      The Seagoville FCI, as of the date of this filing, has more Covid-19 positive prisoners than any federal prison in the United States and several have died from Copvid-19. See:

*https://www.khou.com/article/news/health/coronavirus/what-its-like-inside-a-federal-prison-where-70-have-coronavirus/287-ba758277-00b6-40a6-935b-4e90baf3b97e*

3.      Director Carvajal and Warden Kristi have been notified on many occasions regarding the specific dangers due to Covid-19 to inmate Caleb Smith both *before* and *after* he contacted Covid1-19 yet have done little to nothing to eliminate the suffering and danger.

4.      August 3, 2020 Mr. Smith was notified that he has an enlarged heart due to Covid-19.

## PARTIES

5.      Plaintiff Caleb Smith is a resident of Texas.

6.      Defendant Warden Kristi Ciolli is an individual and a resident of Dallas County, Texas and has been served with process.

7.      Defendant U.S. Bureau of Prisons Director Michael Carvajal is an individual and has been served with process.

## JURISDICTION AND VENUE

8.      The Plaintiff invokes the jurisdiction of this Court pursuant to *Bivens v. Six Unknown Named Agents,* 403 US 388 (1971) implicating federal question jurisdiction.  This cause also arises under the laws of the United States providing for the protection of Civil Rights, and may be enforced against all Defendants, herein named, through the Fourth, Fifth and Fourteenth Amendments. State tort claims are brought under pendant jurisdiction. Venue is proper pursuant to 18 U.S.C. § 1391 in U.S. Northern District of Texas, Dallas Division.

## ADDITIONAL FACTUAL ALLEGATIONS

9.      Mr. Smith is currently incarcerated at FCI Seagoville serving a 235-month sentence for conspiracy to possess with intent to distribute methamphetamine. Mr. Smith currently suffers from the underlying medical condition of severe asthma and is highly prone to pneumonia. Due to the COVID-19 pandemic along with Mr. Smith's susceptibility to complications and death due to COVID-19, Mr. Smith petitioned the warden for compassionate release. Mr. Smith also filed in the district court for compassionate release.

10.     As of June 30, 2020, the state of Texas has become one of the fastest growing areas of COVID-19 spread in the nation. Texas's Covid-19 death total has been rapidly increasing in recent times becoming the #1 state for additional confirmed

Covid-19 deaths for July 28, 29, 30, 31, and August 1, 2020. This growing spread and death count have put Mr. Smith at an even greater risk. In prisons inmates are held in tight quarters and have trouble practicing social distancing along with other counter measures to stop the spread of the virus.

11.    July 5, 2020 Mr. Smith was diagnosed with Covid-19.  Mr. Smith has fluid in lung and has a hacking cough, shortness of breath, his smell and taste are gone, and body aches among other symptoms.

12.    There are indications that Covid-19 immunity wears off so even if an inmate was previously afflicted with Covid-19 that inmate is not guaranteed protection from reinfection.

13.    Plaintiff's undersigned counsel sent a letter dated July 9, 2020 via certified mail return receipt requested (cm,rrr) to Director Carvajal and Warden Ciolli (additionally by email and fax) alerting them to the situation, however, undersigned counsel has not been contacted. See **Exhibits 1 and 2.**

14.    Plaintiff's undersigned counsel sent a second letter dated July 19, 2020 via cm,rrr to Director Carvajal and Warden Ciolli (additionally by email and FAX) alerting them to the situation, however, undersigned counsel has not been contacted. See **Exhibits 3 and 4.**

4

15.    Plaintiff's undersigned counsel sent a third letter dated July 29, 2020 via cm,rrr to Director Carvajal and Warden Ciolli (additionally by email and fax) alerting them to the situation, however, undersigned counsel has not been contacted.

16.    Prior to the three separate letters referenced above previous counsel for Smith had notified Warden Ciolli on April 13, 2020 and July 3, 2020 of the medical situation involving Mr. Smith.

17.    Caleb Smith has filed all the necessary grievances and exhausted his administrative remedies.

## BIVENS and STATE LAW CLAIMS

18.    Plaintiff adopts and incorporate by reference each and every factual allegation in the preceding paragraphs as though fully set forth herein.

19.    The Supreme Court has recognized that monetary damage claims akin to 42 U.S.C. section 1983 claims under *Bivens v. Six Unknown Fed. Narcotics* Agents, 403 U. S. 388 (1971).

20.    Plaintiff brings a claim against Defendants for their deliberately indifferent, negligent, and grossly negligent[1] medical care related to Covid-19.

## REQUEST FOR RELIEF

---

[1] Plaintiffs may plead in the alternative under FRCP 8(a)(3).

21.    Plaintiff seeks judgment in his favor and against Defendants and ordering the Defendants to pay all damages, jointly and severally, recoverable under law to the Plaintiffs, including, but not limited to, the following:

a.    Compensatory damages

b.    emotional pain,

c.    physical pain & suffering

d.    Physical Impairment

e.    mental anguish,

f.    deprivation of legal rights,

g.    loss of earning capacity;

h.    disfigurement;

i.    Punitive damages;

j.    Pre-judgment interest;

k.    Post-judgment interest;

l.    Costs of suit and fees as allowable by law;

m.    Attorneys' fees and expenses; and

n.    Any other such relief as is deemed just and proper.

Respectfully submitted,

*/s/ Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas No. 00790995

6

511 Broadway Street
Houston, Texas 77012
Telephone:  713/320-3785
FAX:        713/893-6737
Email:      attorneykallinen@aol.com

*/s/ Scott H. Palmer*
Scott H. Palmer, P.C.
15455 Dallas Parkway
Suite 540, LB 32
Addison, Texas 75001
214.987.4100
214.922.9900 fax
214.673.2952 cell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been transmitted to the all counsel appearing in this cause and pro se parties on this February 23, 2021 by filing with the ECF System of the United States District Court for the Northern District of Texas.

/s/ *Randall L. Kallinen*
Randall L. Kallinen