UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CALEB SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:20-CV-2062-B |
| § | |
| MICHAEL CARVAJAL, KRISTIN § | |
| ZOOK, and UNITED STATES OF § | |
| AMERICA, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are a motion to dismiss (Doc. 13) filed by the Government and a motion to dismiss (Doc. 15) filed by Defendants Michael Carvajal and Kristin Zook.[1] For the reasons that follow, the Court **GRANTS** the motions and **DISMISSES** Plaintiff Caleb Smith's amended complaint (Doc. 12).

### I.

### BACKGROUND[2]

On February 26, 2016, Smith was sentenced to 235 months of imprisonment and three years of supervised release after he pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. J. at 1–4, *United States v. Smith*, No. 4:15-CR-0214-A-2 (N.D. Tex. Feb. 28,

---

[1] For simplicity's sake, this Order refers to Carvajal and Zook, together, as "the Individual Defendants" and refers to Carvajal, Zook, and the Government, collectively, as "Defendants."

[2] The Court derives the factual background from Plaintiffs' Amended Complaint (Doc. 12) and from matters of public record. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citation omitted). For purposes of this Order, the Court takes all of Smith's factual assertions as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).

2016), ECF No. 60; Doc. 12, Am. Compl., ¶ 9. Smith, who is thirty-six years old, is currently incarcerated at Seagoville Federal Correctional Institution (FCI), with a statutory release date of November 4, 2031.[3]

In April 2020, near the onset of the COVID-19 pandemic in the United States, Smith filed a motion for compassionate release in the court that sentenced him—the district court for the Northern District of Texas, Fort Worth Division—citing "serious or life[-]threatening complications if he contracts COVID-19" as the basis for his requested release. Mot. at 2, *United States v. Smith*, No. 4:15-CR-0214-A-2 (N.D. Tex. Apr. 15, 2020), ECF No. 93. The court denied Smith's motion because he failed to exhaust his administrative remedies. Order at 1, *United States v. Smith*, No. 4:15-CR-0214-A-2 (N.D. Tex. Apr. 15, 2020), ECF No. 94; Final J. at 1, *United States v. Smith*, No. 4:15-CR-0214-A-2 (N.D. Tex. Apr. 15, 2020), ECF No. 95.

Smith claims to suffer from "severe asthma" and to be "highly prone to pneumonia," and alleges that these conditions make him "susceptib[le] to complications and death" should he contract COVID-19. Doc. 12, Am. Compl. ¶ 9. Smith argues that the "growing spread" of COVID-19 and rising "death count" in Texas "have put [him] at an even greater risk." *Id.* ¶ 10. Moreover, Smith notes that "[i]n prisons[,] inmates are held in tight quarters and have trouble practicing social distancing" or implementing "other counter measures to stop the spread of" COVID-19. *Id.* On July 5, 2020, Smith was diagnosed with COVID-19. *Id.* ¶ 11. Since his diagnosis, Smith suffers from "fluid in [his] lung[,] . . . a hacking cough, shortness of breath, [inability to smell or taste], and body aches among other symptoms." *Id.* Smith claims that "[t]here are indications that C[OVID]-19 immunity

---

[3] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed August 26, 2021).

wears off" and that he is thus "not guaranteed protection from reinfection." *Id.* ¶ 12.

On April 13, 2020, and July 3, 2020, Smith's counsel notified Zook[4]—the Warden of Seagoville FCI—of the "medical situation involving" Smith. Doc. 12, Am. Compl., ¶ 16. Additionally, through his counsel, Smith sent three additional letters to Zook and Carvajal—the Director of the Federal Bureau of Prisons (BOP)—dated July 9, 2020, July 19, 2020, and July 29, 2020, "alerting them to the situation[.]" *Id.* ¶¶ 13–15. Zook and Carvajal did not respond to these letters. *Id.*

On August 4, 2020, Smith filed a complaint (Doc. 1) in this Court against the Individual Defendants and subsequently amended his complaint on February 23, 2021. *See generally* Doc. 12, Am. Compl. In his amended complaint, Smith asserts "a claim against [the Individual] Defendants for their deliberately indifferent, negligent, and grossly negligent medical care related to C[OVID]-19." *Id.* ¶ 20 (footnote omitted). Smith also asserts a claim against the Individual Defendants for damages under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Id.* ¶ 19. Smith requests thirteen categories of damages, as well as "any other such relief as is deemed just and proper." *Id.* ¶ 21.

By a notice filed on February 2, 2021, the Government substituted itself for the Individual Defendants, pursuant to the Westfall Act. Doc. 8, Gov't's Notice. Defendants filed their motions to dismiss (Docs. 13 & 15) on March 9, 2021. The motions have been fully briefed and are ripe for review.

---

[4] Smith's complaint misidentifies Zook as "Kristi Ciolli." Doc. 12, Am. Compl., ¶ 6; Doc. 15, Individual Defs.' Mot., 1 n.1.

## II.

## LEGAL STANDARD

*A.     Federal Rule of Civil Procedure 12(b)(1)*

"Federal courts are courts of limited jurisdiction." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). For that reason, they can adjudicate claims only when subject matter jurisdiction is expressly conferred by the Constitution and federal statute. *Id.* "Federal Rule of Civil Procedure 12(b)(1) provides the vehicle through which" a party may challenge federal jurisdiction. *Armstrong v. Tygart*, 886 F. Supp. 2d 572, 584 (W.D. Tex. 2012) (citations omitted).

"A Rule 12(b)(1) motion can mount either a facial or factual challenge." *MacKenzie v. Castro*, 2016 WL 3906084, at *2 (N.D. Tex. July 19, 2016). A facial challenge occurs "when a party files a Rule 12(b)(1) motion without including evidence." *Id.* A factual challenge, by contrast, occurs when a party supports its Rule 12(b)(1) motion with evidence. *Id.*

In both cases, the burden of proof "is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Yet that is no high bar: "[I]t is extremely difficult to dismiss a claim for lack of subject matter jurisdiction." *Santerre v. AGIP Petrol. Co.*, 45 F. Supp. 2d 558, 566 (S.D. Tex. 1999) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1260 (11th Cir. 1997)).

In reviewing a facial challenge, courts consider just "the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). But this is a factual challenge. Plaintiffs enjoy no presumption of truthfulness here. *See Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). Instead, they must "prove subject matter jurisdiction by a preponderance of the evidence." *MacKenzie*, 2016 WL 3906084, at *2 (citing *Paterson*, 644 F.2d at

523). To that end, each party may submit affidavits, testimony, and other evidentiary materials in support of their positions. *Paterson*, 644 F.3d at 523.

B.      *Federal Rule of Civil Procedure 12(b)(2)*

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of an action in which the court lacks personal jurisdiction over the defendant. "The due process clause of the Fourteenth Amendment, as interpreted by the Supreme Court, permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has established 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Both prongs of the due process test must be met" to exercise personal jurisdiction over a defendant. *See id.*

A nonresident defendant's minimum contacts may either support an assertion of specific or general jurisdiction. *WNS Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989). A court may exercise specific jurisdiction when a cause of action arises out of a defendant's purposeful contacts with the forum. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361–62 (5th Cir. 1990). Alternatively, a court is said to have general jurisdiction when a defendant has engaged in continuous and systematic contacts with the forum. *Id.*

The party seeking to invoke federal jurisdiction bears the burden of establishing the requisite minimum contacts. *WNS*, 884 F.2d at 203. Further, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d

542, 546 (5th Cir. 1985) (citations omitted).

C.     *Federal Rule of Civil Procedure 12(b)(6)*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). If a plaintiff's complaint fails to state such a claim, Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss. In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina*, 495 F.3d at 205 (quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted). However, the Court may "take judicial notice of matters of public record" when deciding a Rule 12(b)(6) motion. *Norris*, 500 F.3d at 461 n.9.

To survive a motion to dismiss, a plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 547 U.S. 10, 12 (2014). That means "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alterations omitted).

## III.

## ANALYSIS

Smith asserts against the Individual Defendants claims for "deliberately indifferent, negligent, and grossly negligent medical care" and claims under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Doc. 12, Am. Compl., ¶¶ 18–20 (footnote omitted). As discussed in Section III.B., Smith's claims for "deliberately indifferent, negligent, and grossly negligent medical care" are asserted under the Federal Tort Claims Act (FTCA). *Id.* ¶ 20.

The Court first addresses the Government's Notice of Substitution (Doc. 8) and finds that the Government is substituted for the Individual Defendants as to Smith's FTCA claims. Then, the Court considers the Government's motion to dismiss (Doc. 13) and dismisses Smith's FTCA claims. Finally, the Court considers the Individual Defendants' motion to dismiss (Doc. 15) and dismisses Smith's remaining *Bivens* claims.

*A.    The Government Is Substituted for the Individual Defendants on Smith's FTCA Claims.*

The Government has properly substituted itself as the defendant in this case, pursuant to its Notice of Substitution (Doc. 8).

Title 28 U.S.C. § 2679(d), also known as the Westfall Act, provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim . . . shall be deemed an action or proceeding brought against the United States . . . , and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2). Upon such certification, the action against the employee "shall proceed in the same manner as any action against the United States [under the FTCA] . . . and shall be subject to the limitations and exceptions applicable to those actions." 28 U.S.C. § 2679(d)(4); *see Williams*

*v. Brooks*, 862 F. Supp. 151, 152 (S.D. Tex. 1994).

The Government provides two certifications—both signed by the Civil Chief of the United States Attorney's Office for the Northern District of Texas[5]—stating that Carvajal and Zook were "acting within the course and scope of [their] employment at the time of the incidents out of which the claim[s] in this matter arose." Doc. 8, Notice, 6, 8. These certifications are "*prima facie* evidence that the employee[s'] challenged conduct was within the scope of employment." *Williams*, 862 F. Supp. at 152 (quoting *Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir. 1992)). If Smith disputes the certifications, he "must come forward with specific facts . . . establishing that [Zook and Carvajal] w[ere] not acting within the scope of [their] official duties under § 2679." *Id.* (citations omitted). Smith does not contest the certifications.

Accordingly, the Government is hereby **SUBSTITUTED** as the defendant for Smith's FTCA claims originally asserted against the Individual Defendants. Having determined that the substitution is proper, the Court considers whether Smith's FTCA claims against the Government should be dismissed, and whether Smith's *Bivens* claims against the Individual Defendants should be dismissed.

B.     *Smith's FTCA Claims Are Dismissed.*

Smith responds to the Government's motion to dismiss by stating that he "has not sued the" Government. Doc. 22, Pl.'s Resp., 1. But as discussed, the Government is substituted for the Individual Defendants for Smith's FTCA claims for "deliberately indifferent, negligent, and grossly negligent medical care." Doc. 12, Am. Compl., ¶ 20. Because Smith failed to exhaust his

---

[5] The Attorney General has delegated his "authority to certify . . . to the United States Attorney for each district, who has further delegated the authority to the Civil Chief for the United States Attorney's Office." Doc. 8, Notice, 2–3; *see* 28 C.F.R. § 15.4(a); U.S. Dep't of Just., Just. Manual § 4-5.630 (2018).

administrative remedies prior to filing the instant suit, the Court lacks subject matter jurisdiction over Smith's claim against the Government.

"The United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Hebert v. United States*, 438 F.3d 483, 487–88 (5th Cir. 2006) (alterations incorporated) (quoting *Smith v. Booth*, 823 F.3d 94, 96 (5th Cir. 1987)). Through the FTCA, Congress waived sovereign immunity and consented to suit against the Government "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1); *see Life Partners Inc. v. United States*, 650 F.3d 1026, 1030–31 (5th Cir. 2011) (citing § 1346(b)). To establish jurisdiction in federal court under the FTCA, however, a plaintiff must first exhaust his administrative remedies by "present[ing] the claim to the appropriate Federal agency[.]" 28 U.S.C. § 2675(a); *see Life Partners*, 650 F.3d at 1029–30 (citations omitted). A federal lawsuit can only be instituted once the administrative claim is either "finally denied by the agency, in writing" or deemed denied by "failure of an agency to make final disposition of a claim within six months after it is filed[.]" § 2675(a). The purpose of this exhaustion requirement "is to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Life Partners*, 650 F.3d at 1030 (quoting *Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994)).

To start, Smith's claims for "deliberately indifferent, negligent, and grossly negligent medical care," Doc. 12, Am. Compl., ¶ 20, fall squarely under the FTCA, which covers claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of

any employee of the Government while acting within the scope of his office or employment." § 1346(b)(1). Thus, the Court considers whether Smith exhausted his administrative remedies as required under the FTCA. *See* § 2675(a).

Smith claims that he "filed all the necessary grievances and exhausted his administrative remedies," Doc. 12, Am. Compl., ¶ 17, and the Government "does not dispute that Smith filed an administrative claim with the BOP." Doc. 13, Gov't's Mot., 4. However, the Government provides a copy of Smith's administrative claim and points out that it "was deemed received by . . . the BOP on September 14, 2020." *Id.*; *see also* Doc. 14, Gov't's App., 4. And as the Government points out, "Smith filed the instant lawsuit on August 4, 2020, more than a month *before* he filed an administrative claim." Doc. 13, Gov't's Mot., 5 (emphasis in original). Smith does not allege any other administrative claim made to the BOP. *See generally* Doc. 12, Am. Compl.; Doc. 22, Pl.'s Resp.

Thus, the Government is correct that "any FTCA claim could not have been exhausted at the time suit was filed." Doc. 13, Gov't's Mot., 5. Indeed, Smith was required to wait until the BOP denied his application or until March 12, 2021—six months after filing his claim—to institute a federal lawsuit. § 2675(a). Smith, therefore, had not exhausted his administrative remedies before filing suit and asserting his FTCA claim. And though the six-month waiting period has now passed, "[a]n action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (citing *McNeil v. United States*, 508 U.S. 106, 112–13 (1993)). The Court's subject matter jurisdiction "is conditioned on compliance with 28 U.S.C. § 2675(a), which declares that 'an action shall not be instituted' unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months. . . . This requirement is jurisdictional, and

may not be waived." *Id.* (quoting § 2675(a)).

Smith's failure to exhaust his administrative remedies before asserting his FTCA claim in this Court deprives this Court of jurisdiction. *See id.* Accordingly, the Court **GRANTS** the Government's motion (Doc. 13) and **DISMISSES** Smith's FTCA claims.

C.   *Smith's Bivens Claims Are Dismissed.*

Because the Government is substituted for the Individual Defendants on Smith's FTCA claims, "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against [Carvajal or Zook] . . . is precluded[.]" § 2679(b)(1). Smith's FTCA claims, as asserted against the Individual Defendants, are therefore dismissed and the Court only considers Smith's *Bivens* claim.

The Individual Defendants seek dismissal of Smith's *Bivens* claims on various grounds such as lack of personal jurisdiction, and qualified immunity, and failure to state a claim. *See generally* Doc. 15, Individual Defs.' Mot. The Court addresses these grounds and dismisses Smith's *Bivens* claims.

   1.   <u>The Court lacks personal jurisdiction over Carvajal.</u>

Smith's *Bivens* claims against Carvajal are dismissed for lack of personal jurisdiction. Smith, as "[t]he party seek[ing] to invoke the jurisdiction of the district court[,] bears the burden of establishing" the requisite minimum contacts. *WNS*, 884 F.2d at 203 (citation omitted). Even taking the "uncontroverted allegations in [Smith's] complaint . . . as true," Smith has not established "a *prima facie* case for personal jurisdiction[.]" *See D.J. Invs.*, 754 F.2d at 546 (citations omitted).

Indeed, Smith fails to allege "minimum contacts" between Carvajal and the forum state—Texas. *See Ruston Gas*, 9 F.3d at 418 (quoting *Int'l Shoe*, 326 U.S. at 316). First, Smith does

not allege that Carvajal is a resident of Texas[6] and does not otherwise allege that Carvajal has "engaged in continuous and systematic contacts with" Texas such that the Court has general jurisdiction over Carvajal. *See Dalton*, 897 F.2d at 1361–62.

Moreover, Smith does not adequately allege that his "cause of action arises out of [Carvajal's] purposeful contacts with" Texas. *See id.* The only apparent contacts between Carvajal and Texas relevant to this case include Carvajal's supervisory authority over Seagoville FCI—a prison in Texas—and his failure to respond to letters written on behalf of Smith. *See* Doc. 12, Am. Compl. ¶¶ 7, 13–15. However, as the Individual Defendants point out, Carvajal "cannot be subject to personal jurisdiction in Texas simply because, in his capacity as BOP Director, he oversees federal prisons in the state." Doc. 15, Individual Defs.' Mot., 6; *see also Hill v. Pugh*, 75 F. App'x 715, 719 (10th Cir. 2003) ("It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state."); *Nwanze v. Philip Morris, Inc.*, 100 F. Supp. 2d 215, 220 (S.D.N.Y. 2000) ("Mere supervision over the [BOP], the reach of which extends into every state, is insufficient to establish a basis for the exercise of personal jurisdiction."). And Carvajal's failure to respond to Smith's letters, if considered "contact[]" at all, certainly does not demonstrate "*purposeful* contacts with" Texas. *See Dalton*, 897 F.2d at 1361 (emphasis added).

Accordingly, Smith fails to satisfy his burden of establishing personal jurisdiction over Carvajal. *See WNS*, 884 F.2d at 203. The Court thus **DISMISSES** Smith's claims against Carvajal.

---

[6] Smith's Amended Complaint does not allege Carvajal's residence, but does allege that Zook "is an individual and a resident of Dallas County, Texas[.]" Doc. 12, Am. Compl., ¶ 6. The Individual Defendants state that "Carvajal is not a Texas Resident[.]" Doc. 15, Individual Defs.' Mot., 6.

### 2. Zook is entitled to qualified immunity.

Next, Smith's *Bivens* claim against the remaining Individual Defendant, Zook, is dismissed because Smith fails to rebut the "presumption in favor of qualified immunity for" Zook as a federal officer. *See Morgan v. Swanson*, 755 F.3d 757, 760 (5th Cir. 2014) (citations omitted). Thus, Smith does not state a claim upon which relief may be granted. In order to overcome the presumption of qualified immunity, Smith has the burden of showing (1) Zook "violated [Smith's] constitutional right" and (2) "the violated right was 'clearly established' at the time of the alleged violation." *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020) (citation omitted). In other words, "[q]ualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) (citation and quotation marks omitted).

Smith does not specify which Constitutional right he alleges Zook violated, nor does he directly explain how she did so. *See generally* Doc. 12, Am. Compl. However, Smith's amended complaint suggests that his claim is that Zook violated Smith's Eighth Amendment right to be free from cruel and unusual punishment by failing to release him from FCI Seagoville in light of the COVID-19 pandemic and Smith's medical conditions. *See generally id.*

However, as the Individual Defendants argue, "it is far from clear that exposure to the risk of contracting COVID-19 violates the Constitution." Doc. 15, Individual Defs.' Mot., 14. To show that a right is clearly established, Smith must show that "existing precedent . . . placed the . . . constitutional question beyond debate." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018). Phrased differently, "[a] clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11

(2015) (citation and quotation marks omitted). And as the Supreme Court explained, "the clearly established law must be 'particularized' to the facts of the case." *White*, 137 S. Ct. at 552 (citation omitted). Otherwise, plaintiffs could subject federal officials to "virtually unqualified liability simply by alleging violation of extremely abstract rights." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)).

Here, Smith has not satisfied his burden of showing that Zook violated his "clearly established" right. *See id*. He does not attempt to draw analogies from prior cases, either in his amended complaint or response, showing that Zook violated his clearly established right. *See generally* Doc. 12, Am. Compl.; Doc. 22, Pl.'s Resp. And his general statement that "[p]risoners are entitled to medical care," Doc. 22, Pl.'s Resp., 8, does not suffice to show established law "particularized to the facts of th[is] case." *White*, 137 S. Ct. At 552 (citation and quotation marks omitted). Accordingly, Smith fails to rebut the presumption of qualified immunity for Zook and the Court **DISMISSES** his *Bivens* claim against Zook.

Because the Court lacks personal jurisdiction over Carvajal and because Zook is entitled to qualified immunity on Smith's *Bivens* claims, the Court **GRANTS** the Individual Defendants' motion (Doc. 15) and **DISMISSES** Smith's claims against the Individual Defendants. In light of these grounds for dismissal, the Court need not address the issue of whether Smith's claims are actionable under *Bivens* or whether Smith adequately states a claim under *Bivens*. *See* Doc. 15, Individual Defs.' Mot., 7–13.

## IV.
## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's motion to dismiss

(Doc. 13) and the Individual Defendants' motion to dismiss (Doc. 15), and **DISMISSES** Smith's amended complaint (Doc. 12).

**SO ORDERED.**

**SIGNED: September 1, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE